IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DARRELL DWAYNE SMITH,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA and<br>MONTANA STATE PRISON,<br><br>            Defendants. | CV 24–82–BLG–DWM<br><br><br>ORDER |

On July 3, 2024, Plaintiff Darrell Dwayne Smith filed a civil rights complaint under 42 U.S.C. § 1983, alleging he was wrongfully incarcerated from November 2018 to December 2020 for a conviction that was ultimately overturned by the Montana Supreme Court.  (Doc. 1); *see State v. Smith*, 476 P.3d 1178 (Mont. 2020).  On August 28, 2024, Smith was ordered to show cause why his complaint should not be dismissed as untimely.  (Doc. 10.)  In response, Smith stated:

> I never knew I had a lawsuit until I was doing time over here in Oregon and was talking with anther inmate on or about his lawsuits.  It was brought to my attention that I had a possible lawsuit and due to it being an inmate he didn't know to tell me that there was a 3 year statute of limitations on filing the lawsuit[].

(Doc. 13.)

1

As indicated in the August 28, 2024 Order, Smith's wrongful incarceration claim is subject to Montana's three-year statute of limitations and its tolling rules. *See* Mont. Code Ann. § 27–2–204(1); *Butler v. Nat'l Comm. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (claims under § 1983 borrow both the forum state's statute of limitations for personal injury actions and the forum state's tolling rules). That limitations period begins to run when the claim accrues, unless tolled. *W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (per curiam). Smith's claim accrued no later than December 2020. (*See* Doc. 1 at 4, 5); *see also Smith*, 476 P.3d 1178. To avoid the time-bar, Smith would have needed to file his Complaint by December 2023. He did not file until July 3, 2024, approximately 6 months late. Thus, absent tolling, his claim is untimely. While the Montana Supreme Court has applied equitable tolling in a range of circumstances, *see Crane v. United States*, 634 F. Supp. 3d 946, 952 (D. Mont. 2022) (reviewing cases), Montana law explicitly states that a "[l]ack of knowledge of the claim or cause of action, or of its accrual, by the party to whom it has accrued does not postpone the beginning of the period of limitation," Mont. Code Ann. § 27–2–102(b). Tolling is therefore not appropriate here.

Based on the above, IT IS ORDERED that Smith's Complaint is DISMISSED as untimely. The Clerk of Court is directed to enter judgment according to Fed. R. Civ. P. 58 and have the docket reflect that the Court certifies

pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. This dismissal counts as a strike against Smith within the meaning of 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that Smith's motions to appoint counsel (Docs. 5, 12) are DENIED as MOOT.

DATED this 13th day of September, 2024.

_____
Donald W. Molloy, District Judge
United States District Court

3